# THE UNITED STATES
*v.*
# JOSÉ A. CAPARROS.

### CRIMINAL JURISDICTION.

**The** alleged crime having been committed during the existence of the military government in Porto Rico, but before the treaty of Paris, which ceded the island to the United States, and before the establishment of the United States provisional court for Porto Rico, and not being contrary to any Spanish law or military order then in force, is not an offense against any law of the United States, and this court has no jurisdiction of it.

November 3, 1900.

*Mr. Pettingill,* District Attorney, for plaintiff.

HOLT, Judge, delivered the following opinion:

The charge in the information is the cutting and removing of government timber, forbidden by § 2461 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 1527). The defendants have filed a plea to the jurisdiction, claiming that, if done as charged, the statute was not then in force. The information was filed in the provisional court, and if it had jurisdiction it follows that this court has, because by the act of Congress of April 12th, 1900, organizing civil government in Porto Rico, this court has jurisdiction of the matters pending in that court when its existence terminated by said act.

United States v. Caparros.

The United States has filed a demurrer to the plea, and it is conceded upon its part that the prosecution can show no timber was cut later than March 13th, 1899. The question then is, Can said statute be applied by this court to the act done as on that date, or before? The United States took military possession of Porto Rico in July, 1898, and, on October 1st, following, the Military Department of Porto Rico was established by order of the President of the United States. The treaty of Paris, by which the United States acquired Porto Rico, did not become effective as to individual persons until April 11th, 1899. If, therefore, the offense charged was committed, it was done between the time of the establishment of the Military Department, on October 1st, 1898, and the cession of Porto Rico to the United States by the ratification of the treaty of April 11th, 1899.

The provisional court was not established until June 27th, 1899, which was after the time when it is claimed the offense was committed. The character of the offense and its measure of punishment are to be determined by the law in force when and where the act is committed; and when it is charged that this offense was committed Porto Rico did not belong to the United States. The treaty had not then been made, and it was unknown if Porto Rico would finally belong to the United States. The laws of the United States were not then in force here, but military orders created offenses, and military tribunals punished them.

The court has been unable to find that the acts charged constituted an offense under the Spanish law; nor has it been able to find that it was forbidden by military order until November 29th, 1899, by general order No. 197, and this order gave the jurisdiction in such cases to the insular district courts. It is well settled that every government acquiring territory in any

way holds it under its own law, and not according to those of the government from which it may be acquired; but in case of war, and during the transition from military control to civil government, the military authorities and their orders *ex necessitate* control until civil government is organized. It is claimed by some that the United States statutes and laws came into operation here when the United States acquired the island; by others that the Congress of the United States, by virtue of the Constitution and the Paris treaty, can legislate as it sees proper as to the island, but in doing so must legislate in a constitutional way. Whether the one or the other be true in this case is immaterial, because the acts charged, if committed, were done prior to the cession of the island by the treaty of Paris, before the establishment of the provisional court, and while the United States military forces were in occupation by force of arms and holding it by military occupation, and it was then governed by military laws issued by military tribunals, according to the usages of war and military orders. The laws of the United States were not then in force here, but military orders were, and at that time they had not made the acts charged an offense. It is claimed the order creating the provisional court on June 29th, 1899, extended the laws of the United States to this island, or, in other words, adopted them as a part of the military order, and that thereafter the statute of the United States as to these offenses was made applicable; but, as already stated, this was not done until after the acts charged were committed. It results, therefore, that there was no law or military order then in force, punishing the acts charged; that the provisional court had no jurisdiction; and consequently this court has none.

The demurrer is overruled, the plea sustained, and the indictment ordered to be and is hereby dismissed.